

NUMBER 13-08-00616-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF R.M., III, A CHILD

**On appeal from the 449th District Court
of Hidalgo County, Texas, Sitting as a Juvenile Court.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Rodriguez**

In 2003, at the age of sixteen, appellant, R.M., III, drove a vehicle that was involved in a gang-related shooting. The passenger of the vehicle shot at a residence, striking two adults and a three-year-old girl. The three-year-old girl died. Appellant cooperated with authorities and on June 10, 2004, after testifying at the trial of the adult co-defendant who fired the weapon, pleaded true to the offense of murder. *See* Tex. Penal Code Ann. § 19.02 (Vernon 2003). The trial court sentenced appellant to the Texas Youth Commission (TYC) for a determinate sentence of twelve years.

On July 3, 2008, the TYC requested that a transfer hearing be conducted to determine whether appellant should be transferred to the Texas Department of Criminal Justice–Institutional Division (TDCJ–ID). The TYC stated that appellant had not yet completed his twelve-year sentence and that TYC believed appellant's conduct within the TYC indicated that the welfare of the community required his transfer. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 61, 1995 TEX. GEN. LAWS 2517, 2572 (amended 2007) (giving TYC authority to refer a child to the juvenile court for transfer to TDCJ–ID before the child becomes twenty-one years of age) (current version at TEX. HUM. RES. CODE ANN. § 61.079(a) (Vernon Supp. 2009)); *In re J.J.*, 276 S.W.3d 171, 174-77 (Tex. App.–Austin 2008, pet. denied) (providing that the provision of the human resources code governing a transfer in effect at the time a juvenile was adjudicated delinquent governs a referral of the juvenile by TYC for transfer). On August 25, 2008, the trial court entered an order transferring appellant into the custody of the TDCJ–ID for completion of his twelve-year sentence.[1] *See* TEX. FAM. CODE ANN. § 54.11(i)(2) (Vernon Supp. 2009). Appellant appeals from the trial court's transfer order. *See id*. § 56.01(c)(2) (Vernon Supp. 2009).

Concluding that the record contains no reversible error and no jurisdictional defects, appellant's counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. Compliance with *Anders v. California*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that "there are

---

[1] At the motion to transfer hearing, the parties stipulated that appellant was twenty years old.

no arguable grounds for reversal." *See id*.; *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (applying procedures enumerated in *Anders* to juvenile matters). Counsel's brief discusses relevant portions of the record as they pertain to the following: (1) the sufficiency of the evidence to support the transfer; and (2) objections made by defense counsel at the transfer hearing. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

Including record references to the facts and setting out pertinent legal authorities, appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's order transferring appellant from the TYC to the TDCJ–ID. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has stated to this Court that he is unable to raise any arguable issue for appeal and has forwarded a copy of the brief and his request to withdraw as counsel to appellant. Counsel also provided appellant with a copy of the record and informed appellant of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an

---

[2]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

adequate period of time has passed, and appellant has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II.  Independent Review

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the transfer order of the trial court.

## III.  Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (Citations omitted.)).  We grant counsel's motion to withdraw that was carried with the case on November 3, 2009.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant

and to advise appellant of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

                                        NELDA V. RODRIGUEZ
                                        Justice

Delivered and filed the 17th
day of December, 2009.

---

[3]No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.